### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **Criminal No. <u>4:25-CR-345</u>** |
| | § | |
| **SACHA LASHUN BETTS,** | § | |
| **NICHOLAS AGUILLARD,** | § | |
| **LISA DARLENE DURDEN,** | § | |
| **JORDAN O. WILLIAMS,** | § | |
| **QUINCY GUILLORY,** | § | |
| **MYKEL WALKER, and** | § | |
| **KAEITA RANKIN,** | § | |
| | § | |
| **Defendants.** | § | |

### <u>UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER</u>

TO THE HONORABLE COURT:

The United States files this motion for a protective order governing discovery in the above-referenced case pursuant to Federal Rules of Criminal Procedure 16(d).

Some of the discovery in this case contains personal health and identifying information of individuals who are not parties to the case, personal financial information, sensitive information related to the identities of confidential human sources, references to witnesses and unindicted individuals and/or entities, and information concerning ongoing investigations (collectively, "Sensitive Discovery").

Original evidence is being made available for review by the defense team in accordance with the United States' discovery obligations; however, the United States anticipates that it may provide electronic copies of discovery, including unredacted Sensitive Discovery, to the defense to expedite resolution of this case and to ease the burden on the defense team of having to review the evidence at a government facility. In doing so, the United States seeks to protect the

confidentiality of this information, the rights of patients and others identified in the Sensitive

Discovery, and the safety of confidential sources and agents. Accordingly, the United States asks

the Court to order the Defendants and their attorneys to limit the disclosure of discovery, especially

unredacted Sensitive Discovery.

## I.        Background

On June 26, 2025, the Grand Jury indicted Defendants Sacha Lashun Betts, Nicholas

Aguillard, Lisa Darlene Durden, Jordan O. Williams, Quincy Guillory, Mykel Walker, and

Kaeita Rankin ("the Defendants") alleging three counts against Betts, and one count each against

the other Defendants, of Conspiracy to Unlawfully Distribute and Dispense Controlled Substances

in violation of 21 U.S.C. § 846.

## II.       Authority and Argument for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters

of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders), 49.1(e)

(protective orders concerning matters of privacy and personal information). Specifically,

Rule 16(d)(1) permits courts "for good cause" to enter protective orders that "deny, restrict, or

defer discovery or inspection, or grant other appropriate relief." Indeed, "the trial court can and

should, where appropriate, place a defendant and their counsel under enforceable orders against

unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United

States*, 394 U.S. 165, 185 (1969) (citing Fed. R. Crim. Proc. 16(e)); *see also United States v.

Yassine*, 574 F. App'x 455, 461 (5th Cir. 2014) (same). Once the government establishes good

cause, the burden shifts to the defendant to establish that the protective order would cause

prejudice. *Yassine*, 574 F. App'x at 461.

Information regarding the identity of a confidential source, for example, is sensitive in

nature. Making public such information could expose the confidential source to possible harassment and danger or even lead to the crime of tampering with a witness or obstruction of justice. Moreover, the disclosure could jeopardize existing and future government investigations.

"The use of protective orders to prevent disclosure of private medical information is also clearly established." *United States v. Carriles*, 654 F. Supp. 2d 557, 568 (W.D. Tex. 2009) (citations omitted). The personal and medical information at issue in this case includes the type given special protection, including by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Federal Rule of Criminal Procedure 49.1, such as dates of birth, social security numbers, and addresses. As the 1974 advisory committee notes recognize, "it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16(d)(1) Advisory Committee's Note; *see also United States v. Griffin*, No. 3:13-CR-80-DPJ-LRA, 2014 WL 1767201, at *2 (S.D. Miss. May 2, 2014) (quoting the same).

Because the discovery in this case contains confidential and sensitive information, the United States proposes the following restrictions on disclosure and handling of discovery, including unredacted Sensitive Discovery, which it believes constitute the least restrictive measures available to protect the various interests involved in this case, including the Defendants' interest in full and efficient discovery:

1.     Without the consent of the United States or approval from the Court, the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

2.     Without authorization of the Court, discovery made available by the United States to the Defendants and defense counsel is not to be disclosed or disseminated to anyone

3

other than the Defendants; defense counsel; potential defense witnesses; and members of the defense team, including defense investigators, paralegals, expert witnesses, and other individuals as necessary for preparing and presenting the defense in this matter.

3. The Defendants will be permitted to view Sensitive Discovery only in the presence of defense counsel, defense investigators, or defense counsel's staff. Copies of Sensitive Discovery shall not be disseminated to, or by, the Defendants.

4. Discovery provided by the United States shall not be disseminated except as provided in this Protective Order. Defense counsel shall ensure that a copy of this Protective Order is provided to any individual receiving discovery, and shall obtain written acknowledgement by each individual receiving said discovery that the individual is bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless ordered by the Court.

5. If a Defendant seeks to use or attach material provided in discovery by the United States in any court filing, at trial, or in another hearing in this matter, any filings shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and the electronic filing policies and procedures of the United States District Court for the Southern District of Texas.

6. Any filing that contains the names of confidential sources shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

7. At the close of this case, defense counsel shall return the Sensitive Discovery to the Department of Justice, Criminal Division, Fraud Section, or otherwise certify that the material has been destroyed.

8. If a Defendant substitutes counsel, defense counsel agrees to withhold discovery from

4

new counsel unless and until substituted counsel agrees also to be bound by the Protective Order.

9.      The Protective Order does not limit employees of the Department of Justice from disclosing discovery to members of the Department of Justice, United States Attorney's Office, enforcement agencies, the Court, and defense counsel as necessary to comply with the government's discovery obligations.

10.     Any person who willfully violates this Protective Order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate.

## III.   Conclusion

To protect personal and sensitive information, the United States respectfully requests that the Court enter a protective order limiting the disclosure of discovery materials as described in this motion and the Proposed Order attached to this Motion.

Respectfully submitted,

Nicholas J. Ganjei
United States Attorney

By:      */s/ Drew Pennebaker*
Andrew Pennebaker
Trial Attorney
Fraud Section, Criminal Division
Department of Justice
Andrew.pennebaker@usdoj.gov
(202) 597-0683

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2025, a true and correct copy of the foregoing pleading was served on the Defendants' counsel of record via the Court's Electronic Case File system.

*/s/ Drew Pennebaker*
Andrew Pennebaker
Trial Attorney

## **CERTIFICATE OF CONFERENCE**

On July 3, 2025, the United States conferred with counsel for the defendants who do not object to the Proposed Protective Order.

*/s/ Drew Pennebaker*
Andrew Pennebaker
Trial Attorney